IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CR139 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| AMANDA BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

Amanda Black has submitted a "Motion to Vacate Sentence Pursuant to 29 U.S.C. § 2255" ("§ 2255 motion"). (Filing 58.)[1] Subjecting the motion to initial review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I will dismiss the motion with prejudice. The Government's discretionary decision not to seek downward departure at the defendant's sentencing did not violate Due Process. Although the defendant asserts that her lawyer was ineffective, the record conclusively establishes that her lawyer acted professionally, she understood the plea agreement at the basis of her § 2255 motion, and her lawyer did not harm her.

I.

The defendant pled guilty to conspiracy to distribute and possess with intent to distribute at least 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) 846. (Filing 18-2.) I sentenced her

---

[1] Black filed a § 2255 motion on June 7, 2007. (Filing 56.) As that motion was not filed under penalty of perjury and was not filed in the proper form, Black was ordered to file another motion. (Filing 57.) Black filed a second § 2255 motion on June 14, 2007 (filing 58), and it is that motion which I consider. It was timely filed, even if I assume there is no relation back.

at the low end of the guidelines range to 120 months in prison, followed by supervised release for a term of 5 years. (Filing 35.)

The factual background of this case is as follows. Kim Krueger and James Holbert provided information to law enforcement that the defendant would buy methamphetamine from them from fall 2003 through March 2004. Krueger stated that she was the defendant's main supplier. Krueger started selling the defendant "eight-balls" and then quarter ounces approximately three times a week and eventually increased to half ounces and ounces of methamphetamine. The defendant introduced other customers to Krueger and Holbert in order to get price reductions on her own methamphetamine. The defendant sold smaller quantities, usually grams, to several customers. Krueger estimates that she sold the defendant approximately 30 ounces of methamphetamine, or 840 grams. On October 6, 2003, Krueger was arrested during an Omaha Police Department ("OPD") investigation. Krueger's cell phone received a text message from the defendant. OPD returned the text message to Black, who showed up at 96th and "Q" Streets in Omaha. The defendant's car and purse were searched at that time. Drug ledgers were seized. (Filing 24 at 28:19-29:2; Filing 39 at 3:16-4:18.)

The defendant's retained counsel filed a motion to suppress and supporting brief. (Filings 9, 10.) Before the date set for the suppression hearing, the defendant filed a petition to enter a guilty plea. (Filing 17.) The government and the defendant signed a plea agreement on August 18, 2004. (Filing 18.) Upon the oral motion of defendant, the suppression hearing was cancelled. (Filing 19.)

The key provisions in the plea agreement regarding motions for departure pursuant to U.S.S.G. § 5K1.1 are as follows:.

> Any cooperation provided by you will be considered by the United States Attorney, or his designate, under Sentencing Guideline § 5K1.1,

>and/or, separately, under Title 18 U.S.C. § 3553(e), and/or, separately, under Federal Rule of Criminal Procedure 35(b). <u>The United States Attorney, or his designate, **in his or her sole discretion**, will determine whether and to what extent any such motions should be filed</u>. . . . You knowingly and voluntarily waive any and all challenges to the government's decision to not file or seek a motion pursuant to Sentencing Guideline § 5K1.1 and/or Title 18 U.S.C. § 3553(e) prior to the completion of your cooperation . . . . By signing this agreement, <u>you acknowledge that you have been fully advised by your attorney regarding your rights to challenge the failure of the United States Attorney for the District of Nebraska, or his designate, to move for any departure</u> contemplated by the terms and conditions of this plea agreement, including actions pursuant to 28 U.S.C. §§ 2255 and 2241 and coram nobis actions, and <u>you knowingly and voluntarily waive any right which you may have to challenge the government's decision to not file or seek a downward departure pursuant to Sentencing Guideline § 5K1.1, Title 18 USC [sic] 2553(e) and/or Rule 35(b), except upon a substantial threshold showing by you that any such decision was based upon an unconstitutional motive related to your race, religion, gender, or national origin, or except upon an appropriate showing of a violation of your Sixth Amendment Right to Counsel.</u>

(Filing 18-2 at ¶4, CM/ECF pages 2-3 (emphasis added).) These key provisions were repeatedly explained to the defendant, and she repeatedly stated that she understood them.

At the plea hearing, the defendant's counsel represented to the court that the prosecuting attorney who had been handling the case had represented that she would do her best to file a motion for downward departure. The court questioned the defendant regarding this representation:

>THE COURT: Okay. And then with respect to the representations by Ms. Bunjer [the prosecuting attorney], that she will do her best to qualify you for the safety valve exception in the sentencing guidelines as well as to

-3-

| | |
|---|---|
| | file a downward departure motion, you must know that that is not part of the plea agreement itself. Do you understand that? |
| THE DEFENDANT: | I do. |
| THE COURT: | <u>And if she for some reason changes her mind and refuses to use her best efforts in those directions, you wouldn't have any claim against the plea agreement. In other words, you'd still be bound by your side of the agreement. Do you–do you understand that?</u> |
| THE DEFENDANT: | <u>I do.</u> |

(Filing 24 at 23:8-22 (emphasis added).)

Later during the plea hearing, there was another discussion regarding motions for downward departure, and the defendant again acknowledged that neither she nor the court could force the government to file a motion for downward departure.

| | |
|---|---|
| THE COURT: | All right. Now, with regard to the government's mentioning of cooperation and a possible downward departure in sentence, you must know that <u>neither you as the defendant nor the Court can force the government to file that motion for downward departure in sentence. Do you understand that?</u> |
| THE DEFENDANT: | <u>Yes.</u> |

(Filing 24 at 27:7-14 (emphasis added).)

-4-

At the close of the plea hearing, the defendant's attorney asked the court to again confirm that the defendant understood the proceedings. He stated that the defendant was "pretty sharp," and explicitly explained that he had advised the defendant "if there was anything that bothered her, confused her, to – that this Court would not be upset if she just said, ["]I'm confused, ["] and that she and I could step outside and talk about things; that nobody would be upset if we did not complete this [plea hearing] today." (Filing 24 at 33:3, 33:5-7.) The defendant's counsel then stated "I'd like the Court to ask [the defendant] if she's satisfied that she understood everything here today. Though I think you already have done so. Maybe one final time, in the event she wants to talk to me about anything. Though I don't think she does." (Filing 24 at 33:11-16.) In response, the defendant stated "I understand everything that we've gone over in the paperwork." (Filing 24 at 33:19-20.)

During the plea hearing, upon questioning by the court, the defendant acknowledged that her attorney explained the law and the procedures that apply, "investigated the case to [her] satisfaction," and "answered all [her] question about the case," and the defendant answered "no" to the question "[i]s there anything about his [her attorney's] representation of you that you're not satisfied with?" (Filing 24 at 7:1-13.)

The defendant appealed her sentence, claiming that I erred when I did not depart in the calculation of criminal history points under the Sentencing Guidelines for purposes of determining eligibility under the "safety valve" provision of 18 U.S.C. § 2553(f). The Court of Appeals affirmed. (Filing 52.)

II.

The defendant asserts that the government breached the plea agreement by failing to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1. (Filing 58 at CM/ECF page 30, ¶41.) She makes two claims in this regard:

> (1) Her counsel provided ineffective assistance by failing to take appropriate action when the government did not file a motion for downward departure, namely that counsel did not
>
> - "object at sentencing to the government attorney's arbitrary refusal to file a U.S.S.G. §5K1.1 motion for downward departure,"
> - "appeal the government attorney's arbitrary refusal to file a U.S.S.G. §5K1.1 motion for downward departure," or
> - "move the Court to **compel** the government to file a motion for downward departure under U.S.S.G. § 5K1.1", and
>
> (2) Her sentence violates due process because the government arbitrarily refused to file a motion for downward departure under U.S.S.G. § 5K1.1.

(Filing 58 at CM/ECF pages 27-28, ¶¶ 25-27, 35 (emphasis in original).)  I address these claims in reverse order.

*The Due Process Claim*

The defendant asserts that her sentence violates due process because the government arbitrarily refused to file a motion for downward departure under U.S.S.G. § 5K1.1.  This argument is without merit.

The plea agreement explicitly provides that the government retained the "sole discretion" whether to file a motion for downward departure. (Filing 18-2 at page 2, ¶ 4.)  This means that the government did not bind itself to file a motion for downward departure, but reserved the right to make its own assessment as to the value of the defendant's cooperation.  Furthermore, in the plea agreement the defendant waived her right to challenge the government's decision not to move for downward departure, except in limited circumstances not present here.  The plea agreement provides as follows:

> [Y]ou knowingly and voluntarily waive any right which you may have to challenge the government's decision to not file or seek a downward departure pursuant to Sentencing Guideline § 5K1.1, Title 18 USC [sic] 2553(e) and/or Rule 35(b), *except upon a substantial threshold showing by you that any such decision was based upon an unconstitutional motive related to your race, religion, gender, or national origin, or except upon an appropriate showing of a violation of your Sixth Amendment Right to Counsel.*

(Filing 18-2 at page 3, ¶ 4 (emphasis added).)

The italicized language in the plea agreement reflects the limited circumstances under which a prosecutor's choice not to move for a substantial assistance departure may be reviewed, as established in *Wade v. United States*, 504 U.S. 181, 185-86 (1992). Since the government did not bargain away its discretion to choose whether to make a downward departure motion, the government's decision to not move for a substantial assistance departure can be reviewed only "if the court finds the refusal was based on an unconstitutional motive or was not 'rationally related to any legitimate Government end.'" *United States v. Godinez*, 474 F.3d 1039, 1043-44 (8th Cir. 2007) (quoting *Wade*, 504 U.S. at 185-86). When the plea agreement grants the prosecution discretion whether to move for a substantial assistance departure, "the defendant must make a 'substantial showing of prosecutorial discrimination or irrational conduct' in order to warrant an evidentiary hearing." *Id.*, 474 F.3d at 1044 (quoting *United States v. Amezcua*, 276 F.3d 445, 447 (8th Cir. 2002)).

Black asserts that she fulfilled her obligations under the plea agreement completely and in all respects" and "both provided complete cooperation which materially contributed to the plea of guilty by Mr. Rodriquez-Navarroa and also subsequently provided continuing cooperation which aided authorities in determining the scope of the conspiracy to which she pleaded and also gave authorities additional leads in potential narcotics cases." (Filing 59 at CM/ECF pages 25-26, ¶ 14.) Black nowhere alleges that the Government refused to file a motion for downward departure

for suspect reasons such as her gender, race, or religion or that the refusal to file the motion was not rationally related to any legitimate Government end. Her bare allegation that she provided substantial assistance does not qualify as the "substantial threshold showing of prosecutorial discrimination or irrational conduct" that is the prerequisite for obtaining an evidentiary hearing. *Wade*, 504 U.S. at 186 ("[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive."); *Godinez*, 474 F.3d at 1044 ("A defendant's bare assertions that he provided substantial assistance are insufficient to require a hearing on the matter without more specific allegations of improper motive.").

## *The Ineffective Assistance Claim*

The defendant asserts that her counsel was ineffective for three reasons: (1) he failed to object at the sentencing hearing to the Government's failure to file a U.S.S.G. §5K1.1 motion for downward departure, (2) he failed to appeal the government's refusal to file a motion for downward departure, and (3) he failed to move the court to compel the Government to file a motion for downward departure. In order to prevail on a claim of ineffective assistance of counsel, The defendant must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because

they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

As I have explained, the Government retained the discretion whether to file a motion for downward departure, and the defendant has failed to make the necessary "substantial threshold showing" needed to challenge the Government's discretion to not move for downward departure. That said, counsel's "failures" regarding the Government's decision to not move for downward departure did not prejudice Black, because the arguments Black now says counsel should have made are without merit and the actions Black says counsel should have taken would have been of no avail. There is no prejudice when counsel fails to raise meritless issues. *Kitt v. Clarke*, 931 F.2d 1246, 1249-50 (8th Cir. 1991) (no prejudice when trial counsel does not make meritless objections or when appellate counsel does not raise meritless issues on appeal); *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel not ineffective for failing to raise meritless issues).

The defendant implies that counsel was somehow ineffective for failing to ensure that she understood the import of the plea agreement. This argument is belied by the record, as the court repeatedly explained to the defendant the provisions of the plea agreement regarding the government's discretion as to whether to file a downward departure motion and she stated that she understood and was satisfied with her counsel's performance.

*Related Motions*

The defendant has also filed a motion for discovery (filing 59) and a motion for appointment of counsel (filing 60). I will deny the discovery motion because no discovery is required to decide the issues presented by the § 2255 motion. I will deny the motion for appointment of counsel as well. A convicted prisoner has no constitutional right to counsel in post-conviction proceedings. *Ellis v. United States*,

313 F.3d 636, 652 (1ˢᵗ Cir. 2000) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The § 2255 motion shows that the defendant has been able to clearly present her claims.

III

For the foregoing reasons,

IT IS ORDERED that the defendant's § 2255 motion (filing 58) is denied with prejudice in all respects, and a separate judgment shall be entered accordingly.

September 11, 2007          BY THE COURT:

*s/Richard G. Kopf*
United States District Judge